The STATE of Ohio, Appellant,

v.

DABBS, Appellee.

[Cite as *State v. Dabbs* (1992), 80 Ohio App.3d 748.]

Court of Appeals of Ohio,
Warren County.

No. CA92–03–021.

Decided July 27, 1992.

*Timothy A. Oliver,* Warren County Prosecuting Attorney, and *James D. Beaton,* Assistant Prosecuting Attorney, for appellant.

*Rittgers & Mengle* and *W. Andrew Hasselbach,* for appellee.

WILLIAM W. YOUNG, Judge.

This matter is before the court on appeal by the state from an order granting the motion of defendant-appellant, William Douglas Dabbs, to suppress certain photographs.

On December 14, 1991, officers of the city of Lebanon Police Department executed a search warrant to search the residence of appellee for marijuana, drugs of abuse and drug paraphernalia. The search warrant was issued based upon the affidavit of Briana Dabbs, appellee's daughter, who related that appellee had marijuana hidden in his home. In her discussions with the police, Briana told the police that appellee had taken nude photographs of a thirteen-year-old girl, N.J., but that Briana had destroyed all of the photographs. No mention of the nude photos was made in the affidavit or the search warrant.

In the course of the search, police found the photographs comprising State's Exhibit No. 1. None of the subjects in the photos were known to the police. The photos were seized by the police at the time of the search.

A few days after the search, Briana informed the police that the female shown in the photographs was N.J., age thirteen. Appellee was then charged, *inter alia,* with two counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) and 2907.323(A)(3).

At the hearing on appellee's motion to suppress the photographs, the state contended that the police were justified in seizing the photos under the "plain view" exception to the Fourth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution. After the hearing, the trial court held that the requirements of the "plain view" exception had not been met due to the fact that the incriminating nature of the object seized was not immediately apparent. The court therefore found appellee's motion to suppress to be well taken. It is from that ruling that the state appeals, assigning as error that the trial court erred in granting the motion to suppress in that

the incriminating nature of the photographs of a minor female, who was partially nude and asleep, was immediately apparent to the seizing officer.

One exception to the requirement for a warrant to seize is the "plain view" doctrine first established in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. This doctrine allows police officers, under certain circumstances, to seize an "article of incriminating character" which is not described in the search warrant. *Coolidge, supra,* at 455, 91 S.Ct. at 2037, 29 L.Ed.2d at 576. A three-part analysis is set forth in *Coolidge* at 466, 91 S.Ct. at 2038, 29 L.Ed.2d at 583, which was adopted by Ohio in *State v. Williams* (1978), 55 Ohio St.2d 82, 9 O.O.3d 81, 377 N.E.2d 1013. First, the initial intrusion that brought the police into a position to view the object must have been legitimate. Second, the police must have inadvertently discovered the object. Third, the incriminating nature of the object must have been immediately apparent. If the *Coolidge* requirements are complied with, then the police need not obtain an additional warrant before they seize the objects observed.

The trial court in the case *sub judice* found that the first two parts of the *Coolidge* test had been satisfied. However, the court held that the state's position must fail because the third part had not been met due to the fact that the incriminating nature of the photos was not immediately apparent. We agree.

The Ohio Supreme Court held in *State v. Halczyszak* (1986), 25 Ohio St.3d 301, 25 OBR 360, 496 N.E.2d 925, that police officers may rely on their specialized knowledge, training and experience to determine if the incriminating nature of an object is immediately apparent. In the instant action, two of the eight photos at issue are extremely blurred close-ups taken from the back and rear of a female subject. The facial features of the female are barely discernible, at best, in three of the remaining six photos. One photo shows the back and side of the female with one breast exposed. We agree with the trial court that the photo shows " * * * a mature female body which no more obviously belongs to a minor than to a young adult."

The police testified that the photos raised a question in their minds as to the age of the subject. No specialized knowledge, training or experience as described in *Halczyszak* would aid a police officer in determining that the subject of the photos was a minor or an adult. This does not meet the requirement that the incriminating nature of the photo be immediately apparent. As the trial court reasoned:

"There is no offense in the State of Ohio for possessing a nude photograph of an adult. The testimony established that the officers were under the

impression, as was their informant, that no photographs of a minor were in existence at the time of the search. Therefore, upon discovery of these photos it must have been immediately apparent to the officer that they constituted incriminating evidence."

A mere suspicion on the part of the officers that the subject of the photos was a minor does not satisfy the third part of the *Coolidge* analysis that the incriminating nature of the object be readily apparent. Therefore, the decision of the trial court was correct.

The assignment of error is accordingly overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and KOEHLER, J., concur.